UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4734

ALOHONDRA REY STATON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CR-00-54)

Submitted: June 26, 2002

Decided: July 19, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert J. McAfee, MCCOTTER, MCAFEE & ASHTON, P.L.L.C.,
New Bern, North Carolina, for Appellant. Frank D. Whitney, United
States Attorney, Anne M. Hayes, Assistant United States Attorney,
Mary Jude Darrow, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Alohondra Rey Staton appeals his conviction and sentence imposed
after a jury trial for possession with intent to distribute more than fifty
grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West
1999). Finding no reversible error, we affirm.

Staton first contends the district court erred in denying his suppres-
sion motion. Staton argues that the search warrant that led to his arrest
was unsupported by probable cause. We find the affidavit of probable
cause attached to the search warrant provided the magistrate with a
substantial basis for determining probable cause existed. Thus, the
district court did not err in finding the magistrate had probable cause
for the issuance of the search warrant and in denying Staton's motion
to suppress.

Staton also contends the evidence adduced at trial was insufficient
to sustain his conviction. Viewing the evidence in the light most
favorable to the Government, we find a reasonable trier of fact could
have found Staton guilty beyond a reasonable doubt. *See Glasser v.
United States*, 315 U.S. 60, 80 (1942).

Staton next contends the district court erred in sentencing him as
a career offender pursuant to *U.S. Sentencing Guidelines Manual*
§ 4B1.1 (2000). Because Staton's two prior felony drug offenses were
separated by an intervening arrest, we find the district court did not
err in counting them separately when determining Staton's criminal
history. *See United States v. Huggins*, 191 F.3d 532, 539 (4th Cir.
1999), *cert. denied*, 529 U.S. 1112 (2000). Thus, the district court
properly found Staton to be a career offender.

Finally, Staton contends his trial counsel was ineffective. Claims
of ineffective assistance of counsel are generally not cognizable on

direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Staton's ineffective assistance claims are therefore not cognizable in this direct appeal.

Accordingly, we affirm Staton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*